### 75386. SEARS et al. v. STINSON.
(367 SE2d 233)

BENHAM, Judge.

In January 1985, appellee filed suit in Georgia against appellants for damages, alleging wrongful foreclosure of realty and wrongful disposal of personalty. In March 1986, appellee voluntarily filed a Chapter 7 bankruptcy petition in Mississippi. The first trial in the Georgia suit was held in May 1986 and ended in a mistrial. Appellee was granted a discharge in bankruptcy in August 1986. In March 1987, the second Georgia trial was held. Appellant orally objected to appellee's prosecuting the case in her individual capacity, claiming that she lacked standing to pursue it due to the bankruptcy. Based on its presumption that the bankruptcy trustee had at some point abandoned the course of action to appellee, the trial court denied the motion, which was later made again in writing, and appellee was eventually awarded an $8,000 judgment on her claims. Citing a number of cases from other jurisdictions, appellants argue here that the trial court erred in its denial of their motion. They take the position that appellee's cause of action had passed to the bankruptcy trustee and the trustee never abandoned his interest in the claim because appellee had never informed him of the existence of the cause of action as an asset.

Since we find no Georgia case directly on point, we look to the

record and the bankruptcy statutes for direction. On May 23, 1986, the bankruptcy trustee assigned to appellee's case filed his "Report of No Distribution" in which he stated that he "made diligent inquiry into the whereabouts of property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by the debtor." On August 7, 1986, the bankruptcy court approved the trustee's report, closed the estate, discharged the trustee, and granted appellee her discharge in bankruptcy. Appellee would not have received her discharge if a finding had been made that she had concealed property of the estate or otherwise withheld information about assets after filing her petition. See 11 USC § 727 (a) (2); (3); and (4). Whether the suit had been within the control of the trustee or not, that right of control ended when the bankruptcy court closed the estate, and the statute of limitation has expired for the trustee to seek revocation of the discharge, even if there had been some concealment of the suit's existence. See 11 USC § 727 (e) (2). It was proper for appellee to pursue her own lawsuit, since the trial was held and judgment was rendered after the estate was closed. See *Riddle v. MARTA*, 180 Ga. App. 33 (1) (348 SE2d 483) (1986). The trial court did not err in denying appellants' motion.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED JANUARY 12, 1988 —
REHEARING DENIED MARCH 17, 1988 — ▮▮▮▮▮▮

*Ronald S. Iddins*, for appellants.
*Lee R. Grogan, Jr.*, for appellee.